UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK TANNER,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>        Respondent. | No. 2:16-cv-0581 GEB KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding without counsel and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 14, 2016, respondent filed a motion to dismiss on the grounds that claims three, five and six, are unexhausted. Petitioner filed an opposition. He argues that all of his claims were exhausted because they were all included in his opening brief which was attached to the petition for writ of habeas corpus. (ECF No. 16 at 1.)

However, on September 26, 2016, petitioner filed a motion for stay and abeyance of this action under Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines"). Petitioner seeks leave to return to state court to exhaust claims five and six, apparently conceding his failure to exhaust. Petitioner did not address claim three.[1]

---

[1] Respondent contends that petitioner only presented a limited portion of claim 3 to the California Supreme Court, specifically, the claim that his counsel was ineffective for failing to

1

In the meantime, state court records reveal that on September 26, 2016, petitioner also filed a petition for writ of habeas corpus in the California Supreme Court. Case No. S237464. California Courts, < http://appellatecases.courtinfo.ca.gov>, visited October 20, 2016. However, petitioner did not provide a copy of this petition, so the undersigned is unable to determine whether petitioner is attempting to exhaust claims three, five and six, or just claims five and six, or whether such claims are potentially meritorious. Moreover, in his motion for stay, petitioner failed to address the three elements required under Rhines.

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). The instant petition appears to be a "mixed petition," containing both exhausted and unexhausted claims. Under Rhines, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id., 544 U.S. at 278.[2] The Supreme Court has made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay that is granted pursuant to Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

////

---

object after the trial court sustained the prosecutor's hearsay objection. (Respondent's Lodged Document No. 5 at 22-27.) Petitioner did not include the remainder of his third claim from his opening brief. (ECF No. 1 at 18.)

[2] A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one year statute of limitations. See King, 564 F.3d at 1140-41.

1    In early 2014, the Ninth Circuit addressed the issue of good cause under Rhines:

> There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust. In Rhines, the Supreme Court did not explain the standard with precision. See 544 U.S. at 275-78. . . . The Court has since addressed the meaning of good cause in only one other case, recognizing in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' " to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005) (citing Rhines, 544 U.S. at 278. . . ).
>
> Similarly, our cases on the meaning of good cause under Rhines are also sparse. In Jackson v. Roe, 425 F.3d 654 (9th Cir. 2005), we held that good cause does not require a showing of "extraordinary circumstances." Id. at 661-62. In Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), we held that a petitioner did not establish good cause simply by alleging that he was "under the impression" that his claim was exhausted. Id. at 1024. We explained that accepting as good cause the mere "lack of knowledge" that a claim was exhausted "would render stay-and-abey orders routine" because "virtually every habeas petitioner" represented by counsel could assert that he was unaware of his attorney's failure to exhaust. Id.

Blake v. Baker, 745 F.3d 977, 981-82 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id. at 982. The Ninth Circuit concluded that the Rhines standard for cause based on ineffective assistance of counsel "cannot be any more demanding" than the cause standard required to excuse the procedural default of a habeas claim, as set forth in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Blake, 745 F.3d at 983-84.

For all of these reasons, the court finds that petitioner has not shown good cause to issue a stay under Rhines, 544 U.S. at 278. However, in light of his pending petition before the California Supreme Court, he is granted leave to renew his motion for stay. Petitioner must explain his failure to earlier exhaust his claims, demonstrate that the unexhausted claims potentially have merit, and show that he was not engaged in delay tactics. Rhines, 544 U.S. at 278. However, petitioner is not required to await resolution of the pending motion to dismiss or his renewed motion for stay before returning to state court to properly exhaust his state court remedies.

////

Therefore, petitioner's motion for stay is denied without prejudice. Petitioner shall renew his motion for stay within thirty days from the date of this order. If petitioner is presently exhausting some of the instant claims in the California Supreme Court, petitioner shall append a copy of the petition to any motion for stay.

Petitioner is cautioned that failure to comply with this order will result in the dismissal of petitioner's unexhausted claims, and this action will proceed solely on his exhausted claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (ECF No. 17) is denied without prejudice.

2. Petitioner is directed to renew his motion for stay under Rhines, 544 U.S. at 278, within thirty days from the date of this order.

Dated: October 21, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tann0581.sty.d

4