UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK TANNER, | No. 2:16-cv-0581 GEB KJN P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. On September 14, 2016, respondent filed a motion to dismiss on the grounds that claims 5 and 6, and a large portion of claim 3, were not exhausted. Petitioner filed an opposition, accompanied by a motion for stay and abeyance. Petitioner's motion for stay and abeyance was denied, but he was granted leave to renew his motion. (ECF No. 19.) Subsequently, petitioner filed two additional motions for stay, another motion for appointment of counsel, as well as a motion to accept claims 3, 5 and 6, because such claims were denied by the California Supreme Court on November 9, 2016 (ECF No. 22 at 2). Petitioner provided a copy of the habeas petition filed in the California Supreme Court; claims 5 and 6 were listed in the petition, and his entire claim 3 was attached and incorporated by reference in the petition. (ECF No. 21 at 5, 11-16; 19-27.)

Because the California Supreme Court has now addressed the habeas petition, and denied the petition on November 9, 2016, no further stay of this action is required, and the motions are

now moot.  In addition, because such claims are now exhausted, respondent's motion to dismiss is moot.  This ruling does not address the application of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period.

Petitioner has requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions (ECF No. 21, 22, 24) are denied as moot;

2. Respondent's motion to dismiss (ECF No. 14) is denied as moot;

3. Petitioner's motion for appointment of counsel (ECF No. 25) is denied without prejudice;

4. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order.  See Rule 4, 28 U.S.C. foll. § 2254.  An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition, unless otherwise provided.  See Rule 5, 28 U.S.C. foll. § 2254;

5. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer; and

6. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

Dated:  March 3, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tann0581.100+