UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK TANNER, | No. 2:16-cv-0581 TLN KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding through counsel. On June 30, 2017, respondent renewed the motion to dismiss. As discussed below, the undersigned recommends that respondent's motion to dismiss be partially granted, but that petitioner be granted leave to amend or, in the alternative, to file a request to strike unexhausted claims.

II. Background

1. A jury convicted petitioner of commercial burglary, misdemeanor battery, assault, criminal threats, and receiving stolen property. (ECF No. 44 at 2.) The jury found petitioner not guilty of battery with serious bodily injury, and found the allegation that he personally inflicted great bodily injury "to be false." (Id.) Under California's Three Strikes law, petitioner was sentenced to 46-years-to-life, which consisted of an indeterminate term of 25-years-to-life for the criminal threats conviction. (Id.)

2. Through counsel on direct appeal, petitioner

> challenges his conviction for criminal threats, contending (1) there is insufficient evidence to support the conviction; (2) the trial court erred in excluding evidence and limiting cross-examination and his counsel was ineffective for failing to object to that exclusion and limitation; (3) the prosecutor committed misconduct and defense counsel was ineffective for failing to object; and (4) these errors were cumulatively prejudicial. [Petitioner] also contends (5) the trial court erred in failing to stay punishment on a burglary conviction because it arose from the same course of conduct as the criminal threats and was motivated by the same intent and purpose.

Tanner, 2015 WL 6468549, at *1. On October 27, 2015, the California Court of Appeal for the Third Appellate District affirmed the conviction.[1]

3. Through counsel, petitioner filed a petition for review in the California Supreme Court, asserting the following claims:

> I. The criminal threats conviction must be reversed for insufficient evidence under the Fifth, Sixth, and Fourteenth Amendments and the California Constitution.
>
> II. Defense counsel was ineffective in violation of [petitioner's] rights under the Sixth and Fourteenth Amendments when she failed to properly request admission of crucial exculpatory evidence [(defense counsel was ineffective when she failed to request admission of Clip #1 as relevant to the sustained fear element, and but for such failure, there is a reasonable probability the trial court would have admitted Clip #1 and there would have been a different result on the criminal threats offense)].
>
> III. Defense counsel was ineffective in violation of [petitioner's] rights under the Sixth and Fourteenth Amendments when she failed to object to the trial court's exclusion of crucial exculpatory testimony, specifically when she failed to object to the trial court's evidentiary error which prevented Rascon from testifying that appella[nt] did not utter any threats, which was prejudicial.

---

[1] Under the subheadings "2.0 Exclusion of Evidence/2.1 Cross-examination of Witness," the appellate court agreed "that the trial court's evidentiary ruling was incorrect. (See People v. Fields (1998) 61 Cal. App. 4th 1063, 1068-1069 ["'If a fact in controversy is whether certain words were spoken . . . and not whether the words were true, evidence that these words were spoken . . . is admissible as nonhearsay evidence.'"].) However, [petitioner] did not raise this ground of admissibility at trial when the prosecutor objected or when the trial court sustained the objection.[FN2] Therefore, he is generally precluded from raising this contention on appeal. (People v. Fauber (1992) 2 Cal. 4th 792, 854.) Anticipating this circumstance, [petitioner] also contends trial counsel was ineffective for failing to raise that ground of admissibility at trial. We conclude [petitioner] has not sufficiently shown prejudice to prevail on this claim." Tanner, 2015 WL 6468549, at *3. (FN 2 omitted).

> IV. Defense counsel was ineffective in violation of [petitioner's] rights under the Sixth and Fourteenth Amendments when she failed to object to the prosecutor's misconduct during closing arguments. [Specifically, the prosecutor misstated the law during closing arguments.]

(Respondent's Lodged Document (hereafter "LD") 5.) Petitioner attached a copy of the reasoned opinion from the California Court of Appeal to his petition for review as an appendix. (Id.)

4. The petition for review was denied without comment on January 27, 2016. (LD 6.)[2]

5. On March 16, 2016,[3] under the mailbox rule, petitioner filed the instant pro se petition. (ECF No. 1 at 80.) In his petition, he referred to the appended opening brief filed in the California Court of Appeal, incorporating such claims by reference. (ECF No. 1 at 5, 6.)

6. On September 14, 2016, respondent filed a motion to dismiss on the grounds that claims 5 and 6, and a large portion of claim 3,[4] were not exhausted. Petitioner's initial motion for stay and abeyance was denied with leave to renew.

7. On September 26, 2016, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Tanner (Frederick) On H.C., No. S237464 (Cal.).

8. On November 9, 2016, the California Supreme Court denied the petition without comment. Id.

9. On November 14 and 28, 2016, petitioner filed two additional motions for stay (ECF Nos. 21, 24), as well as a motion to accept claims 3, 5 and 6, and alleged that such claims were

---

[2] Petitioner had ninety days, or until April 16, 2016, to file a petition for writ of certiorari with the U.S. Supreme Court. See Sup. Ct. R. 13. Presuming petitioner did not file a petition for writ of certiorari, AEDPA's one-year statute of limitations began to run on April 17, 2016, and, absent tolling, expired on April 17, 2017. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that AEDPA's one-year limitations period begins to run on the date "when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires[.]").

[3] See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing, and applies to both state and federal filings by incarcerated parties).

[4] Respondent concedes that petitioner's Claim 3 includes one exhausted claim (subpart (2): petitioner's counsel was ineffective for failing to object after the trial court sustained the prosecutor's hearsay objection), but argues that the majority of Claim 3 is not exhausted. (ECF No. 36 at 3.)

denied by the California Supreme Court on November 9, 2016 (ECF No. 22 at 2). Petitioner provided a copy of the habeas petition filed in the California Supreme Court; claims 5 and 6 were listed in the petition, and his entire claim 3 was attached and appeared to be incorporated by reference in the petition. (ECF No. 21 at 5, 11-16; 19-27.)

10. On March 3, 2017, petitioner's motions for stay and respondent's motion to dismiss were denied as moot because petitioner provided a copy of the habeas petition filed in the California Supreme Court; claims 5 and 6 were listed in the petition, and his claim 3 was attached and appeared to be incorporated by reference in the petition. (ECF No. 21 at 5, 11-16; 19-27.)

11. On June 30, 2017, respondent renewed the motion to dismiss. (ECF No. 36.) Petitioner filed an opposition through appointed counsel. (ECF No. 44.) Respondent filed a reply. (ECF No. 48.)

III. Current Briefing

Respondent renewed the motion to dismiss, arguing that despite petitioner's implication that he had presented Claim 3 to the California Supreme Court, "it does not appear that this document was ever filed with the California Supreme Court. (ECF No. 36 at 3.) In addition, respondent contends that because petitioner failed to exhaust his state court remedies prior to the filing of this action, his claims 5 and 6 must be dismissed without prejudice.

In his opposition, petitioner voluntarily withdrew his fifth claim (the trial court erred in failing to stay the punishment for his burglary conviction). (ECF No. 44 at 5.)

Petitioner does not argue that all of claim 3 was included in the habeas petition filed in the California Supreme Court. Rather, petitioner now contends that claim 3 is exhausted because the claim relating to the trial court's evidentiary errors and his ineffective assistance of counsel claim that respondent concedes is exhausted are sufficiently related or intertwined and therefore are exhausted. (ECF No. 44 at 10.) Petitioner relies on Lounsbury v. Thompson, 374 F.3d 785 (9th Cir. 2004), arguing that in evaluating the ineffective assistance of counsel claim for failing to object to the trial court's error, a court must first determine that the trial court erred, which is what the state appellate court did when it found "that the trial court's evidentiary ruling was incorrect," People v. Tanner, 2015 WL 6468549 at *3 (3rd Dist. Cal.), and argues that the same

4

facts support his claims. (ECF No. 44 at 11.) Further, because the California Supreme Court summarily denied the petition for review in evaluating petitioner's claims, petitioner argues that this court must "look through" and examine the last reasoned state court decision, which is the decision of the state court of appeal. (Id.)

Petitioner also argues that he is not required to file repetitive applications in state court, discusses the difference between exhaustion and procedural default, and contends that he is only required to exhaust remedies that remain available. (ECF No. 44 at 7-8.) Petitioner argues that a federal court can grant relief on an exhausted claim even if the claim was unexhausted at the time the federal petition was filed, and even if the claim was not exhausted until the case was on appeal in the federal circuit court. (ECF No. 44 at 8.) In addition, petitioner notes that the exhaustion statute does not require exhaustion at time of filing. 28 U.S.C. § 2254(b)(1) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State . . . ."). (ECF No. 44 at 9.) If the court finds any of petitioner's claims remain unexhausted, petitioner "requests an opportunity to withdraw claims deemed to be unexhausted." (ECF No. 44 at 12.)

In reply, respondent disputes that the majority of petitioner's third claim is exhausted because petitioner seeks federal relief on the claims he set forth in his opening brief filed in the California Court of Appeal. (ECF No. 48 at 2.) Respondent argues that the specific claims petitioner now seeks to pursue were not included in the petition for review filed in the California Supreme Court and therefore are not exhausted. Moreover, respondent contends that such claims are not intertwined or even similar to petitioner's ineffective assistance of counsel claim. First, petitioner did not argue in his petition for review that the trial court erroneously excluded video clip #1 (petition claim 3, subpart 3), or that the combination of the trial court's errors and defense counsel's ineffective assistance required reversal (petition claim 3, subpart 4).[5] (ECF No. 48 at

---

[5] Petitioner argued that reversal was required under both the state standard set forth in People v. Watson, 46 Cal. 2d 818, 836-37 (1956), and the federal standard for evaluating constitutional error set forth in Chapman v. California, 386 U.S. 18, 24 (1967). (ECF No. 1 at 35-38.)

3.) Thus, respondent contends that such claims are not intertwined with the ineffective assistance of counsel claim he presented to the California Supreme Court. Second, petitioner's arguments that counsel was ineffective required the California Supreme Court to consider Sixth Amendment claims, not whether the trial court's alleged errors deprived petitioner of his rights to due process and a fair trial. Because such determination involves a different issue evaluated under a different standard, respondent argues the issues are not sufficiently intertwined with the ineffective assistance of counsel claim to be considered exhausted. Moreover, because the California Supreme Court was not required to determine deficient performance and could have based its denial only on whether the alleged error was prejudicial, respondent argues that this court cannot determine whether the California Supreme Court even considered the deficient performance of counsel, let alone whether the trial court violated petitioner's due process and fair trial rights. Because petitioner did not alert the California Supreme Court to the fact he was asserting that the trial court violated his federal rights to due process and a fair trial, petitioner's argument that such claim was intertwined should be rejected.

Finally, respondent argues that because petitioner had not exhausted his sixth claim prior to filing the instant petition, such claim should be rejected.

III. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

A. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

////

6

explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[6] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 520-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("This court has made clear that district courts must provide habeas litigants with the opportunity to amend their mixed petitions by

---

[6] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

7

striking unexhausted claims as an alternative to suffering dismissal."

Nevertheless, it is also established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

B. Claim 3

Petitioner did not set forth specific claims in the instant federal petition; rather, he appended his opening brief filed in the California Court of Appeal. In his third claim heading, petitioner argues that "The Trial Court's Errors Mandate Reversal of the Criminal Threats Conviction." (ECF No. 1 at 53.) In the body of his opening brief, petitioner argues the following four subparts to Claim 3: (1) The trial court erred when it erroneously sustained two prosecution hearsay objections which prevented defense counsel from questioning a witness, Robert Rascon, on whether he heard petitioner utter any threats (ECF No. 1 at 55-56); (2) defense counsel was ineffective for failing to object after the trial court sustained the prosecutor's hearsay objections, and failed to argue that the two questions asked of Rascon did not call for hearsay (ECF No. 1 at 57-58); (3) the trial court erred when it excluded a video clip identified as "Clip #1" (ECF No. 1 at 58-59); and (4) "the trial court's errors and defense counsel's ineffective performance require reversal under state standard set forth in People v. Watson, 46 Cal. 2d 818, 836-37 (1956), and the federal standard for evaluating constitutional error in Chapman v. California, 386 U.S. 18, 24 (1967)" (ECF No. 1 at 60-63).

1. Was Claim 3 in the Habeas Petition filed in the California Supreme Court?

First, this renewed motion to dismiss requires the undersigned to reconsider the earlier finding that petitioner had exhausted Claim 3 by including it in his habeas petition filed in the California Supreme Court. Upon closer inspection of such petition, the court concludes it was not. (ECF No. 36 at 7-21.) Claim 3 bears no receipt or other stamp from the California Supreme Court, and is dated October 30, 2016. (ECF No. 21 at 19-27.) The California Supreme Court website reflects no additional filing on behalf of petitioner after he filed the petition for writ of habeas corpus raising claims 5 and 6 on September 26, 2016, and reflects that such petition was

denied on November 9, 2016. (ECF No. 36 at 23.) Rather, it appears that after petitioner received the October 21, 2016 order advising him that Claim 3 was not exhausted, petitioner sent a letter to the California Supreme Court which was received by the court on November 14, 2016. (ECF No. 24 at 3.) However, by then, the petition had been denied. Therefore, unless petitioner can demonstrate that all of claim 3 was fairly presented to the California Supreme Court in connection with his other claims, the majority of claim 3 is unexhausted.

### 2. Were All Subparts of Claim 3 Exhausted?

The court must now determine whether all of the subparts of petitioner's Claim 3 were fairly presented to the California Supreme Court.

As set forth above, a state court's highest court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78.

> The Ninth Circuit has stated that the inquiry into whether a petitioner has "fairly presented" his claim to the state's highest court "is not mechanical, but requires examination of what the petitioner said and the context in which she said it." At a minimum, the petitioner has to have "explicitly alerted the court she was making a federal constitutional claim." Galvan v. Alaska Dept. of Corrections, 397 F.3d 1198, 1205 (9th Cir. 2005). She may satisfy this requirement by citing federal law or the decisions of federal courts. Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), opinion amended and superseded, 247 F.3d 904 (9th Cir. 2001). However, the mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, will not suffice to exhaust the federal claim. Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).

General approaches to defining the "fair presentation" requirement, Federal Habeas Manual § 9C:35.

#### a. Claim 3, Subpart 2, Is Exhausted

As conceded by respondent, petitioner's claim that defense counsel was ineffective for failing to object after the trial court sustained the prosecutor's hearsay objections was included in the petition for review. Thus, claim 3, subpart 2, is exhausted.

////

### b. Appending State Appellate Court's Opinion Insufficient

Petitioner notes that he appended a copy of the state appellate court's opinion to the petition for review. "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 32 (2004) (state appellate judge is not required to read the lower court opinion in order to discover federal claim). Here, although the appellate court's opinion was appended to the petition for review, the unexhausted portion of claim 3 was not included within the petition for review. (LD 5.) Thus, the California Supreme Court would have had to review the lower court's opinion to find the claims not included in the petition for review, and to discover that petitioner was potentially asserting such additional claims.

### c. Were the Remaining Subparts of Claim 3 Exhausted?

In the petition for review filed in the California Supreme Court, petitioner did not specifically raise subparts 1, 3 and 4 as stand-alone claims. Rather, in addition to his claim that there was insufficient evidence to support the criminal threats conviction, petitioner raised three claims of ineffective assistance of counsel: (1) failure to properly request admission of Clip #1, crucial exculpatory evidence relevant to the sustained fear element; (2) failure to object to the trial court's exclusion of Rascon's crucial exculpatory testimony that petitioner did not utter any threats; and (3) failure to object to the prosecutor's misconduct during closing arguments wherein the prosecutor misstated the law as to sustained fear. (LD 5.)

#### i. Subpart (1)

Petitioner presented the operative facts for subpart (1) in his petition for review because petitioner was required to provide the context for his related ineffective assistance of counsel claim. Petitioner argued in detail concerning defense counsel's failure to object to the trial court's exclusion of Rascon's testimony, and informed the California Supreme Court that the state appellate court found that "the trial court's evidentiary ruling was incorrect." (LD 5 at 25.) Petitioner also cited to both the Sixth and Fourteenth Amendments in the context of his ineffective assistance of counsel claim. (LD 5 at 2, 22.) Within the petition for review, appellate

counsel noted the trial court's evidentiary error, and stated that "the trial court erred in sustaining the prosecutor's hearsay objection to the question that asked whether Rascon heard [petitioner] make a threat to Askari." (LD 5 at 23, 24; 27.) Counsel explained how Rascon's testimony was not hearsay, but "operative facts" directed to an element of the criminal threats offense. (LD 5 at 25.) Thus, petitioner articulated the relevant facts for both his claims that the trial court erred and that defense counsel was ineffective.

However, despite petitioner's reference to the Fourteenth Amendment in the context of his ineffective assistance of counsel claim, petitioner did not claim that his rights to a fair trial and to due process were violated by the exclusion of Rascon's testimony. As the Supreme Court stated: "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan, 513 U.S. at 365. "[M]ere similarity of claims is insufficient to exhaust." Id. at 366. In order to exhaust a habeas claim, a petitioner generally "must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." See Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2004) (general reference to "broad constitutional principles" are insufficient).

Moreover, unlike the two due process claims asserted in Lounsbury, 374 F.3d at 785, petitioner's claims are governed by different provisions of the federal constitution. Petitioner's ineffective assistance of counsel claim is governed by the Sixth Amendment, and his claim that the trial court violated petitioner's rights to a fair trial and to due process is evaluated under the Due Process Clause.

In addition, as argued by respondent, the California Supreme Court was not required to decide whether or not the trial court erred in excluding Rascon's testimony. Rather, the court could simply address the prejudice prong, and find that even assuming, arguendo, the trial court erred, such error did not result in prejudice. See People v. Fairbank, 16 Cal. 4th 1223, 1241 (1997) ("'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it

11

is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"), quoting Strickland v. Washington, 466 U.S. 668, 697 (1984). Just as the isolated trial errors asserted in the state petition in Wooten did not fairly present a cumulative prejudice claim, a claim of ineffective assistance of counsel "does not automatically require" a court to determine whether the same allegations constitute an erroneous evidentiary ruling. Wooten, 540 F.3d at 1025.

Finally, in Wooten, the Ninth Circuit stated that the exception provided in Lounsbury "does not apply when language in a petition for review indicates a petitioner's 'strategic choice' not to present an issue for review.'" Wooten, 540 F.3d at 1025. Here, appellate counsel, having benefit of the opening brief filed in the California Court of Appeal, only raised the ineffective assistance of counsel claim in the petition for review. In the ineffective assistance of counsel Claim 4, appellate counsel included a subheading alleging prosecutorial misconduct, and separately argued such claim from the ineffective assistance of counsel claim. (LD 5 at ii, 28.) Appellate counsel did not include any alleged trial errors as subheadings under Claims 2 or 3, or any separate sections addressing such alleged trial errors as counsel did in claim 4. (LD 5 at ii.) Such filing suggests that appellate counsel chose not to include the claim that the trial court erred in excluding Rascon's testimony. See Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (*en banc*) ("Especially here, where a counseled petitioner raised both the state and federal issues in his briefing before the court of appeals, but then omitted the federal issue before the Oregon Supreme Court, there is reason to conclude that such omission may be a strategic choice by counsel. . . ."). Although the federal petition was filed by petitioner proceeding pro se, petitioner was represented by counsel both on direct appeal and in filing the petition for review in the California Supreme Court.

For all of these reasons, the court cannot find that petitioner fairly presented subpart (1), or that subpart (1) was sufficiently related or intertwined with his ineffective assistance of counsel claim to support a finding that subpart (1) is exhausted. Accordingly, subpart (1) is unexhausted.

////

////

### ii. Subpart (3)

In the petition for review before the California Supreme Court, petitioner did not argue that the trial court erroneously excluded Clip #1. Rather, petitioner argued that defense counsel was ineffective based on her failure to ask that Clip #1 be admitted as relevant to the sustained fear element. The court's prior ruling on the admission of such evidence was based on a "352 analysis of simply being cumulative," and the court even noted it previously offered defense counsel a chance to revisit the issue of showing Clip #1. (LD 5 at 14-15.) Defense counsel failed to do so: defense counsel "never articulated to the court that clip #1 was relevant to show Askari's lack of fear" from petitioner's alleged threats. (LD 5 at 17.)[7] Petitioner did not include in his petition for review a claim that the trial court excluded Clip #1 in violation of petitioner's rights to a fair trial and due process. Thus, petitioner failed to present the operative facts as well as the legal theory supporting his claim that the trial court erroneously excluded Clip #1.

In addition, because the petition for review was filed by counsel, it appears counsel chose not to include the trial court error claim in the petition for review. See Peterson, 319 F.3d at 1159.

Therefore, the undersigned cannot find that subpart (3) is intertwined or sufficiently related to petitioner's ineffective assistance of counsel claim to render subpart (3) exhausted. Accordingly, subpart (3) is unexhausted.

### ii. Claim 3, subpart (4)

Similarly, as argued by respondent, petitioner included no part of subpart (4) in the petition for review. Thus, there is nothing to intertwine or find substantially similar to render subpart (4) exhausted. Subpart (4) is also unexhausted.

### C. Claim 5 Withdrawn

Because the fifth claim is withdrawn, it is no longer subject to the motion to dismiss. The Clerk of the Court is directed to strike the fifth claim from the petition (Claim V). (ECF No. 1 at 19, 70-71.)

---

[7] Indeed, the state appellate court found that defense counsel "forfeited any claim the trial court erred in failing to admit the evidence for another purpose." (LD 4 at 9.)

D. Claim 6

Respondent is correct that petitioner had not exhausted claim 6 at the time he filed the petition. But, as argued by petitioner, there are circumstances in which a petition may proceed on claims not exhausted at the time the original petition is filed. Here, petitioner exhausted the claim during the pendency of this action, and is entitled to include such claim because the court has not yet ruled on the merits of the petition. Woods, 525 F.3d at 888 (pro se petition filed during pendency of previously filed habeas petition should be construed as a motion to amend the pending petition); McKinney v. Smith, 2017 WL 6014269 (C.D. Cal. Nov. 29, 2017) (where petitioner filed a second habeas petition raising a new claim, the district court considered the two petitions together as the first amended petition); Ellison v. Fletcher, 2018 WL 834586 (D. Mont. Feb. 12, 2018) (construed prisoner's most recent filing as a motion to amend his petition, and considered the new claims, in addition to his original petition.) In November of 2016, petitioner filed motions asking the court to accept his newly-exhausted claims. (ECF Nos. 22, 23.) Upon reconsideration, the undersigned construes petitioner's pro se motions to accept newly-exhausted claims as a motion to amend, and grants petitioner leave to amend to include claim 6 *nunc pro tunc* as of November 15, 2016.[8] The court considers the original petition and petitioner's claim 6 together. Ellison, 2018 WL 834586.

IV. Leave to Amend

As noted above, petitioner exhausted Claim 6 on November 9, 2016, when the California Supreme Court denied the petition for writ of habeas corpus. (ECF No. 36 at 23.) Thus, petitioner is granted leave to file an amended petitioner to raise all of the claims pled in the original petition, including claim 6, but not including Claim 3, subparts (1), (3), and (4), which are not exhausted, and claim 5, which petitioner withdrew. In the alternative, petitioner may request that the court strike unexhausted subparts (1), (3), and (4) of Claim 3. Anthony, 236 F.3d at 574. If petitioner files such a request, the court will strike the unexhausted claims, and this action will proceed on the original petition, including claim 6.

---

[8] Petitioner signed his motion to accept the newly-exhausted claim on November 15, 2016, and provided a copy of the denial by the California Supreme Court. (ECF No. 22 at 1, 2.)

14

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Upon reconsideration, the undersigned vacates the March 30, 2017 finding that Claim 3 was exhausted by its inclusion in the petition for writ of habeas corpus filed in the California Supreme Court (ECF No. 29 at 1);

2. Upon reconsideration, the undersigned construes petitioner's pro se motions to accept newly-exhausted claims (ECF Nos. 22, 23) as a motion to amend, and grants petitioner leave to amend to include claim 6 *nunc pro tunc* as of November 15, 2016; and

3. The Clerk of the Court is directed to strike the fifth claim from the petition (Claim V) as requested by petitioner. (ECF No. 1 at 19, 70-71.)

Further, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 36) be partially granted; and

2. Within thirty days from the date of this order, petitioner shall file an amended petition or file a request to strike unexhausted claims, as set forth above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 8, 2018

tann0581.mtd.fte.hc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE